**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN KEITH DONOGHUE,

               Petitioner - Appellant,

  v.

JEFF PREMO, Superintendent,

               Respondent - Appellee.

No. 13-35946

D.C. No. 2:11-cv-01046-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted November 21, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Appellant Steven Donoghue appeals the district court's denial of his petition

for habeas relief. We affirm.

Two of Donoghue's claims, raised on direct appeal in a pro se brief, were

not considered by the Oregon Court of Appeals because the brief did not comply

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

with a state procedural rule, ORAP 5.45. The district court determined that ORAP 5.45 was an independent and adequate state ground and held that federal review of these claims was barred.

Generally, habeas claims may not be entertained by a federal court when a state court has declined to address those claims because the petitioner failed to satisfy a state procedural requirement and the state judgment rests on independent and adequate state procedural grounds. *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012). Donoghue argues that the basis for the state court decision was not adequate because the rule has not been consistently followed, but the cases Donoghue identifies to support his claim are distinguishable. He has identified no example of the Oregon courts failing to apply the rule to a brief as non-conforming as his.

A procedural default may be excused in some circumstances when a petitioner has demonstrated cause and prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As the district court concluded, however, Donoghue has not demonstrated cause.

The district court denied relief on Donoghue's remaining claims because it determined that Donoghue did not fully and fairly present these claims to the

Oregon Supreme Court. *See Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

Donoghue contends that he satisfied that obligation by incorporating by reference claims listed in a lengthy memo he attached to his pro se appellate brief. He argues that the different claims were properly incorporated into his brief under *Farmer v. Baldwin*, 205 P.3d 871 (Or. 2009) (en banc). We disagree.

In *Farmer*, this Court requested from the Oregon Supreme Court an answer to a certified question regarding *Balfour*[1] appellate briefs, which are governed by a state procedural rule that does not apply here. In answering, the Oregon Supreme Court held that the client-prepared part of a *Balfour* brief filed in the state court of appeals could be incorporated by reference into that client's petition for review to the state supreme court. *Farmer*, 205 P.3d at 878.

The incorporation-by-reference allowed under *Farmer* does not logically extend to the situation in this case, however. Donoghue attempted to incorporate his pro se post-conviction relief trial memo and direct appeal pro se brief into both his brief to the state court of appeals and into his petition for review to the state supreme court. While the holding in *Farmer* may allow incorporation of part of a *Balfour* brief in a petition for review, it does not allow a non-*Balfour* pro se brief to

---

[1]*State v. Balfour*, 814 P.2d 1069 (Or. 1991)(en banc).

3

incorporate any type of document a litigant may think helpful at any stage in an appeal.

In its order denying Donoghue's claims, the Oregon Court of Appeals referred only to the claims identified in the assignments of error in the appellate brief and not to the claims that might have been raised in the attachments. Because Donoghue failed to exhaust his collateral review claims in Oregon state court by not fully and fairly presenting them, federal habeas review of those claims is barred.

**AFFIRMED.**